**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:   ltfisher@bursor.com
          apersinger@bursor.com
          ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYLEY JOHNSON, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br>      v.<br><br>WAL-MART STORES, INC. and SYNCHRONY FINANCIAL,<br><br>            Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1    Plaintiff Hayley Johnson ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to her own actions are based on personal knowledge.

## NATURE OF THE ACTION

1. Between January 31, 2016 and February 16, 2016, Wal-Mart Stores, Inc. and Synchrony Financial ("Defendants") made at least 41 calls to Ms. Johnson on her cellular telephone using an autodialer and/or an artificial or prerecorded voice. This barrage of calls occurred daily, sometimes four times per day. To make matters worse, calls often occurred before 8:00 a.m. For example, on February 2, 2016, Defendants called Ms. Johnson four times, with the first call of the day taking place at 7:47 a.m. Defendants then called Ms. Johnson another three times on February 3, 2016, with the first call of the day occurring at 7:22 a.m. Defendants made another three calls on February 4, 2016, and another three calls on February 5, 2016. Plaintiff did not give Defendants prior express written consent to make these calls. The following chart shows 41 of the calls Defendants made to Plaintiff:

| **Date** | **Time** | **Number Calling** |
| --- | --- | --- |
| 1/31/16 | 1:46 PM | (330) 433-5979 |
| 2/1/16 | 10:23 AM | (330) 433-5979 |
| 2/2/16 | 7:47 AM | (330) 433-5979 |
| 2/2/16 | 11:37 AM | (330) 433-5979 |
| 2/2/16 | 2:09 PM | (330) 433-5979 |
| 2/2/16 | 5:24 PM | (330) 433-5979 |
| 2/3/16 | 7:22 AM | (330) 433-5979 |
| 2/3/16 | 9:20 AM | (330) 433-5979 |
| 2/3/16 | 11:30 AM | (330) 433-5979 |
| 2/4/16 | 7:21 AM | (330) 433-5979 |
| 2/4/16 | 10:35 AM | (330) 433-5979 |
| 2/4/16 | 12:49 PM | (330) 433-5979 |
| 2/4/16 | 3:29 PM | (330) 433-5979 |
| 2/5/16 | 8:53 AM | (330) 433-5979 |

| | | |
|---|---|---|
| 2/5/16 | 12:13 PM | (330) 433-5979 |
| 2/5/16 | 5:28 PM | (330) 433-5979 |
| 2/6/16 | 10:55 AM | (330) 433-5979 |
| 2/7/16 | 9:36 AM | (330) 433-5979 |
| 2/7/16 | 11:21 AM | (330) 433-5979 |
| 2/8/16 | 7:32 AM | (330) 433-5979 |
| 2/8/16 | 9:38 AM | (330) 433-5979 |
| 2/8/16 | 12:22 PM | (330) 433-5979 |
| 2/8/16 | 5:19 PM | (330) 433-5979 |
| 2/9/16 | 7:03 AM | (330) 433-5979 |
| 2/10/16 | 9:48 AM | (330) 433-5979 |
| 2/10/16 | 12:21 PM | (330) 433-5979 |
| 2/10/16 | 3:58 PM | (330) 433-5979 |
| 2/10/16 | 5:20 PM | (330) 433-5979 |
| 2/11/16 | 7:39 AM | (330) 433-5979 |
| 2/11/16 | 10:19 AM | (330) 433-5979 |
| 2/11/16 | 12:00 PM | (330) 433-5979 |
| 2/12/16 | 8:19 AM | (330) 433-5979 |
| 2/12/16 | 10:06 AM | (330) 433-5979 |
| 2/12/16 | 5:17 PM | (330) 433-5979 |
| 2/13/16 | 12:02 PM | (330) 433-5979 |
| 2/14/16 | 10:00 AM | (330) 433-5979 |
| 2/14/16 | 11:16 AM | (330) 433-5979 |
| 2/15/16 | 7:42 AM | (330) 433-5979 |
| 2/15/16 | 12:22 PM | (330) 433-5979 |
| 2/15/16 | 5:50 PM | (330) 433-5979 |
| 2/16/16 | 7:33 AM | (330) 433-5979 |

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendants in negligently, knowingly, and willfully contacting Plaintiff and class members on their cellular telephones using an autodialer and/or artificial or

prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

3. Plaintiff also brings this action for Defendants' violations of California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788 *et seq.* (hereinafter, the "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts. Plaintiff alleges that Defendants engaged in a campaign of harassment in an attempt to coerce payment of a consumer debt.

**PARTIES**

4. Plaintiff Hayley Johnson is, and at all times mentioned herein was, a resident of Bakersfield, California and a citizen of the State of California.

5. Defendant Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business located in Bentonville, Arkansas.

6. Defendant Synchrony Financial is a Delaware corporation with its principal place of business located in Stamford, Connecticut. Synchrony Financial is the issuer and operator of the Wal-Mart Credit Card and Wal-Mart Discover Card.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendants; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

8. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA. This Court has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

CLASS ACTION COMPLAINT                                                                                                                3

9. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants transact significant business within this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.     The Telephone Consumer Protection Act Of 1991**

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

12. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

13. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.     Defendants' Robocalls to Plaintiff and Class Members**

14. Prior to the calls at issue in this action, Plaintiff never had any contact with Defendants, and has never applied for or owned a Wal-Mart Credit Card or Wal-Mart Discover Card. Plaintiff has never consented in writing, or otherwise, to receive autodialed or prerecorded telephone calls from Defendants. Plaintiff has never provided Defendants with her telephone number.

15. Plaintiff has received at least 41 calls from Defendants. When Plaintiff answers calls from Defendant, she hears a pause or dead air before anyone on the line begins to speak,

CLASS ACTION COMPLAINT                                                                                                  4

indicating use of an automatic telephone dialing system. Once a live operator appears on the line, they request to speak to someone other than the Plaintiff.

16. Plaintiff has repeatedly asked Defendants to stop calling her, informing them that she is not the individual they are attempting to contact. Despite her requests, Defendants' calls continue.

17. Online consumer complaints regarding Defendants' unsolicited robocalls and autodialed calls are abundant:

- "I have been receiving calls from this number for several days. I do not have a credit card with Wal-Mart, never had one, do not want one. They are very annoying."[1]

- "Hi, they have been calling me for weeks and weeks from 8 am to 9 pm usually 7 days a week, I have never ever had a Wal Mart credit card, but this is who is calling me? This is so ridiculous…"[2]

- "They call & either say 'Please wait for an operator' or something or they hang up when you answer"[3]

- "Multiple calls per day. Have informed caller that my number is registered on the Do Not Call list but calls continue."[4]

- "They started calling my cell phone on Monday and they call more and more everyday they start at 8 and end at 9. I've never owned a Walmart credit card before. This is really making me mad because they call so much I have to leave my phone on silent all day long."[5]

- "I have received 27 calls from this number in the last 7 days, to include sunday. not quite sure who it is because i havnt answered the call and they dont leave any messages, but will be sure to let them know my displeasure with whoever it is."[6]

- "I missed 6 calls from this number yesterday alone. They have been calling me today too. Who calls at 8:35 on a Sunday morning. I googled the number and found out that it is Walmart Credit Card Services. I have never had a Walmart credit card. I wish there was a way to report them for harassment or something."[7]

---

[1] http://800notes.com/Phone.aspx/1-330-433-5979
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] http://whocallsme.com/Phone-Number.aspx/3304335979
[7] *Id.*

CLASS ACTION COMPLAINT                                                                                                        5

- "Number keeps calling on my new cellphone. Do not answer. Have received 16 calls in three days at all hours."[8]
- "I have received over 20 calls from this phone number in last week...they call at least 5-7 times a day and at all hours of the day.  this is harassment in a very big way.  I would appreciate it very much if it would STOP.  there is no reason at all this number should be calling me.[9]

## **CLASS ACTION ALLEGATIONS**

18. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

19. Plaintiff proposes the following "Robocall Class" definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendants in order to promote their products or services; (d) for whom Defendants had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

20. Plaintiff also proposes the following "Autodialer Class" definition:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendants in order to promote their products or services; (d) for whom Defendants had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

21. Plaintiff also proposes the following "Rosenthal Act Class" definition:

> All persons within the State of California who received harassing, oppressive, or abusive calls from Defendants including (a) repeated calls to annoy someone, (b) calling at times in violation of curfew, such as before 8:00 a.m. or after 9:00 p.m., (c) threats to take any action that cannot legally be taken, or (d) representations or implications that nonpayment of any debt will result in the arrest or imprisonment of any person.

22. Plaintiff represents, and is a member of, these proposed classes.  Excluded from the proposed classes are Defendants and any entities in which Defendants have a controlling interest,

---

[8] *Id.*
[9] *Id.*

CLASS ACTION COMPLAINT                                                                 6

Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

23. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendants' business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

24. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

25. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendants.

26. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendants made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;
   b. Whether Defendants made telephone calls to class members using an automatic telephone dialing system;
   c. Whether Defendants' conduct was knowing and/or willful;
   d. Whether Defendants made harassing, oppressive, or abusive telephone calls;
   e. Whether Defendants are liable for damages, and the amount of such damages, and
   f. Whether Defendants should be enjoined from engaging in such conduct in the future.

27. As a person who received numerous and repeated calls on her telephone through the use of an autodialer and/or artificial or prerecorded voice, without her prior express written

CLASS ACTION COMPLAINT                                                                                              7

consent, Plaintiff asserts claims that are typical of each member of the classes.  Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

28. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

29. A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendants to comply with the TCPA and Rosenthal Act.  The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA and Rosenthal Act are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

30. Defendants have acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA and Rosenthal Act violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

31. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

32. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

33.    As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

34.    Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

35.    Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

36.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

37.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

38.    As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

39.    Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

40.    Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

### THIRD COUNT
### VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ.Code 1788, *et seq.*

41.    Plaintiff incorporates by reference the foregoing paragraphs of his Complaint as if fully stated herein.

42.    The foregoing acts and omissions by Defendants in their illegal attempt to collect a consumer debt constitutes numerous unfair, deceptive, and/or unconscionable trade practices, made

unlawful pursuant to the California Rosenthal Fair Debt Collections Practices Act, including but not limited to Cal. Civ. Code § 1788.11(d) and (e).

43. Defendants also violated Cal. Civ. Code § 1788.17, which requires Defendants to comply with all of the provisions of the FDCPA 15 U.S.C. §§ 1692, *et seq.* in all of its collection efforts.

44. Therefore, Plaintiff and the Rosenthal Act Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendants:

a. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

b. As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendants' violations of the TCPA, Plaintiff seeks for herself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of damages as permitted by the Rosenthal Act;

e. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

f. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

g. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  April 22, 2016                              Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ L. Timothy Fisher*
            L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:   ltfisher@bursor.com
              apersinger@bursor.com
              ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*